IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AMERICANS FOR FAIR PATENT USE, LLC,  *Plaintiff*,<br>v.<br>SPRINT NEXTEL CORP., SPRINT SPECTRUM L.P., APPLE INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,  *Defendants*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:10-CV-237-TJW |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is Defendant Cellco Partnership D/B/A Verizon Wireless' ("Verizon") Motion to Sever and Transfer Venue.  (Dkt. No. 39.)   Other defendants in this case include Sprint Nextel Corp. and Sprint Spectrum L.P. (collectively "Sprint") and Samsung Telecommunications America, LLC ("Samsung").  The Court, having considered the sever and venue motion and the arguments of counsel, DENIES the motion to sever.  The Court also DENIES the motion to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Verizon has not met its burden in showing the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Americans For Fair Patent Use, LLC ("Americans").  *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir.

2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II.     Factual and Procedural Background

Plaintiff Americans is a Texas limited liability company and has its principal place of business in Austin, Texas, which is in the Western District of Texas.   Sprint Nextel Corporation is a corporation organized under the laws of Kansas and has its principal place of business in Kansas. Verizon is a general partnership formed under the laws of Delaware and has its principal place of business in New Jersey.  Samsung is a limited liability company and it is headquartered in Richardson, Texas, which is within the Eastern District of Texas.

Americans brought this action against Defendants for an alleged violation under 35 U.S.C. § 292 for false patent marking.   The false patent marking statute creates a *qui tam* action where, in this case, Americans is bringing the action on behalf of the United States of America.   The statute reads as follows:

> (a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has

>been made, or if made, is not pending, for the purpose of deceiving the public--
>
>Shall be fined not more than $500 for every such offense.
>
>(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292. Plaintiff Americans alleges that Defendants have marked and continue to mark their products with expired or otherwise inapplicable patents. If Americans is successful in its claim against Defendants, the Defendants may be fined up to $500 for every falsely marked product, which is on a "per article" basis. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1304 (Fed. Cir. 2009). As *qui tam* plaintiff, Americans will be entitled to one half of the penalty and the other half will go to the United States. 35 U.S.C. § 292(b).

The present issue is Verizon's Motion to Sever and Transfer Venue. (Dkt. No 39.) Verizon moves this Court to transfer venue in this case to the District of New Jersey after Verizon is severed from the other defendants. The following pages outline the Court's analysis.

**III.    Analysis**

    **A.    Applicable Law Regarding Motions to Sever**

Before analyzing Verizon's motion to transfer, the Court will analyze Verizon's motion to sever. Federal Rule of Civil Procedure 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "[A] trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Rule 21 should be read in conjunction with Rules 18, 19 and 20, since Rule 21 contains no standards governing its operation, but is invoked when one of the other rules has been violated. *See Pan Am. World Airways v. United States District Court, C.D. Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). In the Fifth Circuit, courts look to Rule 20 to determine if parties have been misjoined and should thus be

severed under Rule 21.  *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  Rule 20(a)(2) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Courts have described Rule 20 as creating a two-prong test, allowing joinder of the defendants when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all the claims.  *See Acevedo*, 600 F.3d at 521 (describing the two-prong test for permissive joinder of plaintiffs according to Rule 20(a)(1), which is nearly identical to Rule 20(a)(2)).  "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness of the parties; joinder of claims, parties and remedies is strongly encourages."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

### B.   Analysis Under Applicable Law for Motions to Sever

The Court holds that joinder of all the defendants in this case is proper under the permissive joinder standard in Rule 20.  Thus, the Court DENIES Verizon's motion to sever.  The analysis under the two-prong test for Rule 20 is outlined below.

*1.   The "same transaction, occurrence, or series of transactions or occurrences"*

The first prong of the analysis is to determine whether the claims against the multiple joined defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.  Transactions or occurrences satisfy the series of transactions or occurrences

requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences.  *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex.1993). A logical relationship exists if there is some nucleus of operative facts or law.  *Id.*  At a minimum, the claims against the multiple defendants in this case arise out of the same series of transactions or occurrences.

There are basically three defendants left in this case: Sprint, Verizon, and Samsung.  In this cause of action for false patent marking under 35 U.S.C. 292, Plaintiff has identified many series of transactions or occurrences that connect these defendants in relevant and material ways in this case, and thus shows a nucleus of operative facts.  First, all of the allegedly falsely marked products by Samsung are sold to Verizon.  (*See* 1st Am. Compl. ¶ 385 (listing several allegedly falsely marked products that Samsung sells to Verizon, such as the "Omnia II; Knack; Saga; u430; Sway; Renown; and Omnia").)  Verizon does not dispute that Samsung sells Verizon these allegedly falsely marked products that Verizon later sells to the public.  Second, some of the allegedly falsely marked products are sold by both Verizon and Sprint.  Both Sprint and Verizon sold the AirCard 595—one of the allegedly falsely marked products—which was made by the same vendor.  In addition, Verizon sold the USB727 and Sprint sold the Ovation U727.  The USB727 and Ovation U727 are identical products made by Novatel Wireless.  (*See* Dkt. No. 19, Exs. I-33 (Verizon USV727) & I-5 (Ovation U727).)  The two products even have the same list of patents on their marketing material.  Thus, Verizon and Sprint sell products made by the same vendors which have the same alleged false patent markings.

These overlapping product lines create overlapping issues for trial and discovery in this case.  For example, one of the major issues in a false patent marking case is whether there was any

intent to deceive by a defendant.[1]   In those products that are sold by Samsung to Verizon and then to the public, there may be an issue regarding which party, if any, had the requisite intent to deceive.   Likewise, with those identical products sold by Sprint and Verizon that are made by the same vendor, both Sprint and Verizon may have similar defenses—that the vendors, not Sprint and Verizon, had the intent to deceive.   Further, Plaintiff may need third party discovery from the same vendors to Sprint and Verizon, and it would be a waste of resources to perform this same discovery in two different cases.

In addition, as noted above, this Court has broad discretion to sever and the Supreme Court encourages joinder of claims.   Therefore, due to the many "transactions or occurrences" that overlap and are common between the parties, this prong of the analysis does not warrant severance.

       *2.*   *"at least one common question of law or fact linking all the claims"*

It is unclear the extent Verizon even contests that there are many common questions of law and/or fact linking all the claims.   In any event, the Court holds this prong of the test is satisfied. Plaintiff has identified many common questions of law: whether marking a product use guide constitutes "marking upon" or "affixing to" under Section 292, whether publishing user guides on the internet constitutes "use in advertising" under Section 292, and the standard for proving intent under Section 292.   In addition, Plaintiff has identified many common questions of fact: when U.S. Patent 4,901,307 expired, and whether U.S. Patent D442,170 and D459,303 cover the AirCard 595.

---

[1] *See Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

The Court finds that there are many common questions of law and fact linking all the claims in this case. Therefore, because the two-prong analysis above allows for permissive joinder and does not warrant severance, the Court DENIES Verizon's motion to sever.

### C. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314. This Court has confirmed that for cases alleging false patent marking, although the Plaintiff in these *qui tam* actions is bringing the lawsuit on behalf of the United States, the burden is the same in these cases as the burden pronounced in *Volkswagen II*. *See Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, Dkt. No. 43 (E.D. Tex. Jan. 12, 2011) (J. Ward).

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

### D. Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the District of New Jersey, and this Court agrees. Thus, the threshold determination is met in this case.

### E. Private/Public Interest Factor Analysis for a Motion to Transfer Venue

After denying Verizon's motion to sever, it is clear Verizon's motion to transfer venue should also be denied. *See MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 454, 458 (E.D. Tex. 2004) ("Because the Court DENIES the motion to sever, it also DENIES the UOL Defendants' transfer motion."). Verizon's motion to transfer only argues it should be transferred after it has been severed from the other defendants, and it does not argue for a transfer if the Court does not find a severance is warranted. (Dkt. Nos. 39 & 55.) Further, Verizon does not provide any proof, such as affidavits or declarations, concerning the locations of witnesses, documents, and other relevant information for the other defendants in this lawsuit. Verizon argues transfer to the

District of New Jersey is more convenient for Verizon, but it does not show it is convenient for any other party.  In addition, the other defendants in this case has neither joined nor responded to Verizon's motion.   Thus, Verizon has not shown proof that the transferee venue is "clearly more convenient" than the Eastern District of Texas.

Although the Court does not have detailed information concerning Defendants Sprint and Samsung, it appears at first glance that this case would not warrant transfer to the District of New Jersey in any event.   Samsung is headquartered within the Eastern District of Texas.  Plaintiff is located in Austin, Texas, which is much closer to the Eastern District of Texas than the District of New Jersey.  Sprint is located in Kansas, which is also closer to the Eastern District of Texas. Assuming sources of proof and relevant witnesses are primarily located at or near each party's headquarters or principal place of business, it appears that it would only be more convenient for Verizon to litigate in the District of New Jersey.  Factors such as access to sources of proof, cost of attendance for willing witnesses, and local interest in having localized interests decided at home all appear to likely weigh against transfer or are neutral at best.  Thus, Verizon's motion to transfer venue is DENIED.

**III.    Conclusion**

For the foregoing reasons, the Court DENIES Defendant Verizon's Motion to Sever and to Transfer Venue to the District of New Jersey.

It is so ORDERED.

SIGNED this 12th day of January, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE